| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>:<br>BRADLEY MITCHELL,                                    :<br>                                Petitioner,      :<br>                                                   :<br>                 -against-             :<br>:<br>UNITED STATES OF AMERICA,                     :<br>                                Respondent.  :<br>:<br>------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 04/06/2016<br><br>15 Civ. 6379 (LGS)<br>13 Cr. 744 (LGS)<br>14 Cr. 55-07 (LGS)<br><br>**OPINION AND ORDER** |

LORNA G. SCHOFIELD, District Judge:

      Petitioner Bradley Mitchell brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Mitchell moves to vacate or set aside his sentences of 70 months' imprisonment in 13 Crim. 744 (the "Firearm Case") and 132 months' imprisonment in 14 Crim. 55-07 (the "Narcotics Case") in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the following reasons, the petition is denied.

### I.   BACKGROUND

#### A. Guilty Plea in the Narcotics Case

      On September 3, 2014, Mitchell pleaded guilty to conspiracy to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of oxycodone, in violation of 21 U.S.C. § 846 and § 841(b)(1)(C). In his June 16, 2014, plea agreement, the parties agreed that (1) the applicable guidelines range was 151 to 188 months' imprisonment and (2) "neither a downward nor an upward departure . . . is warranted." The stipulated guidelines range reflects a career offender enhancement because "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. Mitchell had been convicted of (i) Robbery in the First Degree, Intent to Cause Serious Injury, in

violation of N.Y. Penal Law § 160.15, a Class B Felony, and (ii) Attempted Criminal Possession of a Controlled Substance in the Third Degree, Narcotic Drug, Intent to Sell, in violation of N.Y. Penal Law § 220.16, a Class B Felony.  In the plea agreement, Mitchell agreed that "the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 151 to 188 months' imprisonment."

At the first of two plea hearings on September 3, 2014, after the Court asked a series of questions to determine that Mitchell was competent to plead guilty, he was placed under oath. Mitchell then confirmed, among other things, that he "had enough time to discuss with [his] attorney how [he] wish[ed] to plead," the consequences of pleading guilty, and that he was "satisfied with [his] attorney."  He also confirmed that he "reviewed th[e] [plea] agreement with [his] attorney," that the attorney had explained the agreement to Mitchell, and that he had signed the agreement.

### B. Guilty Plea in the Firearm Case

Later that same day, on September 3, 2014, Mitchell pleaded guilty in a second case to knowingly possessing, in and affecting commerce, a firearm after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g).  In the August 31, 2014 plea agreement, the parties agreed that (1) the applicable guidelines range was 70 to 87 months' imprisonment and (2) "neither a downward nor an upward departure . . . is warranted."  Like the plea agreement in the Narcotics Case, the plea agreement in the Firearm Case contained the same waiver of the right to challenge any sentence within the agreed upon Guidelines range.

At the second September 3, 2014, plea hearing held at 3:30 p.m., the Court again asked a series of questions to determine that Mitchell was competent to plead guilty and placed him under oath. Mitchell again confirmed, among other things, that he had discussed the plea's consequences with his attorney; was satisfied with his attorney's representation; that he had reviewed the plea agreement with his attorney; that the attorney had explained the agreement; and that Mitchell had signed it.

### C.  Sentencing

Mitchell was sentenced in both cases in one proceeding on March 4, 2015. Grouping both crimes together, the Court found that the applicable Guidelines range was 151 to 188 months' imprisonment, which included an enhancement for Mitchell's career offender status. Mitchell was sentenced to 70 months' imprisonment in the Firearm Case to run concurrently with the 132 months in the Narcotics Case, followed by three years of supervised release. The 70-month term was at the bottom of the stipulated guidelines Range of 70 to 87 months. The 132-month term was substantially below the stipulated guidelines range of 151 to 188 months. Judgments for both the Firearm Case and the Narcotics Case were entered on March 4, 2015, and no direct appeal from either judgment was filed.

### D.  This Petition

On August 10, 2015, Mitchell filed this petition seeking to vacate, set aside or correct his sentence. Mitchell argues that he should be resentenced pursuant to a Guideline calculation that does not include a career offender enhancement in light of *Johnson v. United States*. He argues that because "the Court struck down the residual clause of the AACA [Armed Career Criminal Act] and the Career-Offender section of the Guidelines", he is "no longer eligible for the career-offender penalty" and should be resentenced.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "In ruling on a § 2255 petition, the district court is required to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Martinez*, Nos. 13 Civ. 3454, 09 Crim. 1022, 2014 WL 7146846, at *4 (S.D.N.Y. Dec. 12, 2014) (alteration in original) (quoting 28 U.S.C. § 2255(b)).

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."  *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted).  To prevail on a collateral attack, a petitioner must show "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted).

"A court must construe a *pro se* litigant's submissions liberally and interpret such submissions 'to raise the strongest arguments that they suggest.'"  *Hill v. United States*, Nos. 13 Civ. 1107, 11 Crim. 145, 2014 WL 104565, at *3 (S.D.N.Y. Jan. 7, 2014) (quoting *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009)).  "Still, a *pro se* litigant is not exempt 'from compliance with relevant rules of procedural and substantive law.'"  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III. DISCUSSION

Mitchell's petition is dismissed, as he knowingly and voluntarily waived his right to challenge his sentence in the plea agreements.  In any event, the Supreme Court's decision in *Johnson* does not affect Mitchell's sentence.

#### A.  Mitchell Waived his Right to Challenge his Sentence

 "Waivers of the right to appeal a sentence are presumptively enforceable," *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010), and "knowing and voluntary waiver[s] of the right to litigate pursuant to Section 2255 [are] also valid and enforceable." *Abramo v. United States*, No. 12 Civ. 1803, 2014 WL 1171735, at *8 (S.D.N.Y. Mar. 21, 2014).  "A waiver is knowing if the 'defendant fully understood the potential consequences of his waiver.'"  *Martinez*, 2014 WL 7146846, at *6 (quoting *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004)).  These "waivers are generally enforceable although certain exceptions apply; notably, a defendant's waiver . . . will not be enforced 'if the Government breaches the plea agreement.'"  *United States v. Insinga*, 287 F. App'x 960, 962 (2d Cir. 2008) (summary order) (quoting *United States v. Garcia*, 166 F.3d 519, 521 (2d Cir. 1999)).  Mitchell argues that his waiver is unenforceable, citing a Kentucky state court case, *U.S., ex rel. U.S. Attorneys ex rel. E., W. Districts of Kentucky v. Kentucky Bar Ass'n*, 439 S.W.3d 136, 140 (Ky. 2014), but that is not the law of this Circuit.

"In general, plea agreements are subject to ordinary contract law principles, except that any ambiguity is resolved strictly against the Government." *United States v. Cimino*, 381 F.3d 124, 127 (2d Cir. 2004) (internal quotation marks omitted).  A plea agreement must be construed "strictly according to its terms and [courts] will not read into it requirements that, while in accord with its 'spirit,' were not specifically set forth by the parties." *United States v. Pollack*, 91 F.3d 331, 335 (2d Cir. 1996).  "To determine whether a plea agreement has been breached, a court

must look to what the parties reasonably understood to be the terms of the agreement." *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (citation omitted).

Here, Mitchell unambiguously agreed in each plea agreement that he would not appeal or otherwise challenge any sentence that was within or below the stipulated guideline range. There is no allegation or other indication that the Government breached the agreement so as to render it unenforceable. Mitchell was in each case sentenced at the bottom of or below the agreed upon guideline range. Therefore, he is contractually barred from challenging his sentence.

### B. *Johnson v. United States* is Inapplicable

Mitchell argues that he should be resentenced without the career offender enhancement in his sentencing guidelines calculation because his first degree robbery conviction no longer qualifies as a "crime of violence" for the purpose of determining career offender status after *Johnson v. United States*. *See* 135 S. Ct. at 2557-60 (holding that the definition of "violent felony" in the ACCA is unconstitutionally vague). One requirement for career offender status under the United States Sentencing Guidelines -- Mitchell was not sentenced under the ACCA -- is that "the defendant [have] at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Guidelines define "crime of violence" in two alternative ways. One is a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another," in the so-called "elements" clause, § 4B1.2(a)(1). The other is a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," in the so-called "residual" clause, § 4B1.2(a)(2). *Johnson* is inapplicable because it is relevant, if at all, to the *residual* clause definition of "crime of violence"; and Mitchell's robbery conviction is a crime of violence under the *elements* clause of § 4B1.2(a). The statute that is the basis for Mitchell's robbery conviction

states in relevant part that "[a] person is guilty of robbery in the first degree when he *forcibly* steals property."  N.Y. Penal Law § 160.15 (McKinney 2016) (emphasis added).

Moreover, the commentary to § 4B1.2(a)(2) enumerates specific crimes, including "robbery," that are crimes of violence.  "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  *Stinson v. United States*, 508 U.S. 36, 38 (1993).  Nothing about the express identification of "robbery" as a crime of violence is unlawful or an incorrect reading of § 4B1.2(a).  Therefore *Johnson* has no impact on Mitchell's sentence.

### IV. CONCLUSION

For the foregoing reasons, Mitchell's petition is DENIED.

The Clerk of Court is respectfully directed to (1) terminate Case No. 15 Civ. 6379; (2) close the motion at Docket No. 26 in Case No. 13 Crim. 744 and (3) mail a copy of this Opinion and Order to the pro se Petitioner.

Dated: April 6, 2016
      New York, New York

                                      **LORNA G. SCHOFIELD**
                                    **UNITED STATES DISTRICT JUDGE**